IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| ANGELIA P. BARFUSS, <br><br> Plaintiff, <br> v. <br><br> MICHAEL J. ASTRUE, Commissioner of the Social Security Administration, <br> Defendant. | MEMORANDUM DECISION AND ORDER AFFIRMING THE COMMISSIONER'S ADMINISTRATIVE DECISION <br><br> Case No. 1:10-cv-118 BCW <br><br> Magistrate Judge Brooke Wells |

Plaintiff Angelia Barfuss seeks judicial review of the determination of the Commissioner of Social Security denying her application for Social Security disability insurance benefits.

Ms. Barfuss, who was born in September of 1972, filed for benefits on May 23, 2007, when she was 34 years old. Plaintiff contends she is disabled due to fibromyalgia, multiple myalgias, dysthymic disorder, mixed anxiety disorder with panic attacks, Eustachian tube dysfunction with loss of hearing, chronic headaches, and obsessive compulsive disorder. The Social Security Administrative Law Judge (ALJ) found at step two of the required sequential evaluation process[1] that Ms. Barfuss' severe impairments were "rule out fibromyalgia/multiple arthralgias; dysthymic disorder; and a mixed anxiety disorder with panic attacks."[2] The ALJ further found that Plaintiff's fibromyalgia, Eustachian tube dysfunction, ganglion cyst, and obsessive compulsive disorder were non-severe impairments.

---

[1] *See Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005) (explaining the five-step sequential evaluation for determining if a claimant is disabled).

[2] Tr. 13 (Tr. refers to the transcript of the record).

At step three, the ALJ considered Ms. Barfuss' arguments that she met listings 14.09D,[3] 12.04,[4] or 12.06[5] and rejected these arguments.  The ALJ found Plaintiff did not have an impairment or combination of impairments that meets or medically equals any of the listed impairments in the regulations.

Next, the ALJ found a residual functional capacity (RFC) for light work with limitations in that Plaintiff can "occasionally climb ramps, stairs, ladders, ropes or scaffolding; balance; kneel; crawl; stoop; or, crouch"[6] with only mild mental limitations.[7]  The ALJ found moderate limitations in Ms. Barfuss' ability to complete a normal workday and workweek without interruptions, perform at a constant pace, and use public transportation.

At step four, the ALJ found that Ms. Barfuss was unable to perform her past relevant work as a child monitor and teacher's aide II.  Then, at step five, the ALJ found Plaintiff could perform the jobs of final assembler, office helper, and folder.  Accordingly, the ALJ concluded Ms. Barfuss was not disabled as defined by the Social Security Act.

Ms. Barfuss contends that the ALJ's decision should be reversed for the following reasons: (1) the ALJ failed to identify all of Plaintiff's severe impairments; (2) failed to consider the combination of her impairments in determining the severity at step two and therefore erred in the RFC determination at step four; (3) erred in failing to properly give controlling weight to Plaintiff's treating physician, Dr. Rourk Neville; and (4) erred in determining Plaintiff's credibility and rejecting her statements concerning her physical conditions.

---

[3] Listing 14.09D "directs a finding of disability for an individual with a history of inflammatory arthritis with significant documented constitutional symptoms and signs and involvement of two or more organs/body systems with at least one of the systems being involved with at least a moderate level of severity."  Tr. 15.

[4] Listing 12.04 relates to affective disorders.

[5] Listing 12.06 is for anxiety-related disorder.

[6] Tr. 16.

[7] "I.e., can function well 90% of the time."  *Id.* at 16.

This Court's review of the ALJ's decision is limited to determining whether her findings are supported by substantial evidence and whether the correct legal standards were applied.[8] If supported by substantial evidence, the findings are conclusive and must be affirmed.[9] Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[10] "The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence."[11]

The ALJ is required to consider all of the evidence; however, the ALJ is not required to discuss all of the evidence.[12] The court should evaluate the record as a whole, including that evidence before the ALJ that detracts from the weight of the ALJ's decision.[13] But, a reviewing court should not re-weigh the evidence or substitute its judgment for that of the ALJ's.[14] Further, the court "may not 'displace the agenc[y's] choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo.'"[15]

In applying these standards, the Court has considered the Administrative Record, the parties' briefs and arguments and finds as follows.

---

[8] *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007); *Glenn v. Shalala*, 21 F.3d 983 (10th Cir. 1993); *Rutledge v. Apfel*, 230 F.3d 1172, 1174 (10th Cir. 2000)

[9] *Richardson v. Perales*, 402 U.S. 389, 402 (1981).

[10] *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996).

[11] *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004).

[12] *Id.*

[13] *Shepard v. Apfel*, 184 F.3d 1196, 1199 (10th Cir. 1999).

[14] *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000).

[15] *Lax*, 489 F.3d at 1084 (quoting *Zoltanski*, 372 F.3d at 1200).

The Court finds that the ALJ's determination of severe impairments at step two is supported by the record. Contrary to Plaintiff's assertions, the ALJ did not summarily dismiss Plaintiff's ailments. Rather, the ALJ specifically addressed each condition and provided reasons supported in the record for finding them non-severe. For example, the ALJ pointed to the lack of an assessment by a rheumatologist in assessing Plaintiff's claims of fibromyalgia. Although Ms. Barfuss' treating physician did opine regarding this disorder, his treatment notes undermined his diagnosis. In similar fashion, the ALJ noted how Plaintiff's cysts and Eustachian tube dysfunction had improved with treatment. And finally, during the hearing before the ALJ, Plaintiff's own counsel acknowledged that Ms. Barfuss' obsessive compulsive disorder was not disabling.

In addition, the severity finding at step two is a threshold showing made by a claimant that is necessary for the sequential analysis to continue. Once the claimant shows that she has a severe impairment, the ALJ proceeds with the sequential process and should account for all impairments, both severe and non-severe, in evaluating a claimant's RFC.[16] Given the ALJ's RFC determination in this case, the Court rejects Plaintiff's assertion that the ALJ erred at step two. The Court finds the ALJ's findings at step two are supported by evidence in the record and any alleged failures in finding severe impairments would at best, be harmless error.[17]

Ms. Barfuss next contends that the ALJ failed to consider her combination of impairments in determining the severity at step two and therefore erred in the RFC determination at step four. The record does not support Plaintiff's position. In assessing Plaintiff's RFC the ALJ noted she considered the entire record. The Tenth Circuit has stated that "'[O]ur general

---

[16] 20 C.F.R. §§ 416.920, 416.923.

[17] *See Carpenter v. Astrue*, 537 F.3d 1264, 1266 (10th Cir. 2008) (finding that any error at step two is harmless when the ALJ reaches a proper conclusion that the claimant cannot be denied benefits at step two and proceeds to the next step in the evaluation process).

4

practice, ... is to take a lower tribunal at its word when it declares that it has considered a matter.'"[18] In this case the Court finds there is no reason to depart from this general practice. A close inspection of the ALJ's discussion of the evidence and her reasoning indicates she considered all of Ms. Barfuss' impairments.

Next, Plaintiff argues the ALJ failed to give proper controlling weight to her treating physician, Dr. Rourk Neville. "'Under the regulations, the agency rulings, and our case law, an ALJ must give good reasons ... for the weight assigned to a treating physician's opinion,'" that are "'sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reason for that weight.'"[19]

Dr. Neville, who treated Ms. Barfuss for over ten years, diagnosed her with fibromyalgia. Yet, Dr. Neville's examination findings over the years were often inconsistent with this diagnosis showing normal findings. As noted by Plaintiff, Dr. Neville's finding of tender points is an acceptable method for diagnosing fibromyaligia.[20] However, there is conflicting evidence in the record and the "limited scope of review precludes this court from reweighing the evidence or substituting [its] judgment for that of the [Commissioner]."[21] Because the record adequately reflects the reasoning behind the ALJ's decision to not give Dr. Neville controlling weight, the Court will not disturb the ALJ's determination.

Finally, Ms. Barfuss contends that the ALJ erred in determining her credibility and rejecting certain statements she made regarding her physical conditions. Specifically, Plaintiff asserts that the ALJ rejects her "entire testimony solely on the basis of inconsistent statements

---

[18] *Flaherty v. Astrue*, 515 F.3d 1067, 1071 (10th Cir. 2007) (quoting *Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir. 2005)).

[19] *Langley v. Barnhart*, 373 F.3d 1116, 1119 (10th Cir. 2004) (quoting *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003)).

[20] SSR 92-2p, 92-9p.

[21] *Hamilton v. Sec'y of Health & Human Servs.*, 961 F.2d 1495, 1500 (10th Cir. 1992).

regarding her bedtime and past drug abuse."[22] The record, however, reflects that the ALJ cited to much more evidence than these inconsistent statements in discounting Ms. Barfuss' credibility.

"Because '[e]xaggerating symptoms or falsifying information for purposes of obtaining government benefits is not a matter taken lightly by this Court,' [the Court] generally treat[s] credibility determinations made by an ALJ as binding upon review."[23] Here, the ALJ found Plaintiff's allegations were out-of-proportion to the medical findings in the record. For example, Ms. Barfuss claimed she needed to nap four hours a day, which was not supported anywhere in the record. And, despite Plaintiff's use of a cane, nowhere in the record was a cane prescribed by a health care professional or deemed necessary to help Plaintiff complete her daily routine. Further, the ALJ also noted the conservative care Plaintiff received and the lack of deterioration in her alleged ailments despite continuous treatment for a lengthy period of time. Taken together, there is much more than inconsistent statements which support the ALJ's credibility determination. Accordingly, the Court finds no error.

In conclusion, the Court finds that the ALJ's Decision is thorough and detailed in its discussion of the Administrative Record, the ALJ's findings are supported by substantial evidence, and she applied the correct legal standards. It is therefore ORDERED that the Commissioner's Decision denying Plaintiff Angelia Barfuss' application for Social Security disability benefits is AFFIRMED. Judgment shall be entered in favor of Defendant and this case closed.

---

[22] Reply brief p. 7.

[23] *Gossett v. Bowen*, 862 F.2d 802, 807 (10th Cir. 1988) (quoting *Broadbent v. Harris*, 698 F.2d 407, 413 (10th Cir. 1983)).

DATED this 27 September 2011.

_____
Brooke C. Wells
United States Magistrate Judge